**This order is SIGNED.**

Dated: October 10, 2018



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*slo*

|  |  |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH ||
| In re:<br><br>JON & SHUANA ROBERTSON,<br><br>        Debtors.<br>_____<br><br>ARMA YATES, LLC, *et al*.<br>      Plaintiffs and Counterclaim<br>      Defendants,<br>vs.<br><br>JON & SHUANA ROBERTSON,<br>      Defendants and Counterclaim<br>      Plaintiffs. | Bankruptcy Number: 17-28451<br><br>Chapter 7<br><br><br><br>Adversary Proceeding No. 18-02059<br><br><br>Hon. Kevin R. Anderson |
| **MEMORANDUM DECISION ON COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS** ||

    The parties have a long, acrimonious history involving litigation in the Illinois federal court. In that forum, Plaintiffs obtained a significant judgment against the Debtors and engaged in extensive efforts to collect the judgment. These actions ultimately resulted in the Debtors filing for bankruptcy relief under Chapter 7. However, Plaintiffs have continued to pursue the Debtors by filing a complaint under 11 U.S.C. § 727 seeking to deny the Debtors their discharge. In their

answer to the complaint, the Debtors asserted Counterclaims against Plaintiffs for civil conspiracy, conversion, property damage, and malicious prosecution arising out of the Illinois litigation. Plaintiffs have moved to dismiss the Counterclaims. For the reasons set forth herein, the Court grants the Plaintiffs' motion to dismiss the Debtors' Counterclaims.

**I.    FACTS**

1.    On or about December 16, 2016, the United States District Court for the Northern District of Illinois ("the "Illinois Federal Court") entered a judgment (the "Judgment") in favor of Arma Yates[1] and against the Debtors in the principal amount of $37,618,296.81 (the "Illinois Federal Action").[2] The Judgment has not been modified by appeal or otherwise.[3]

2.    After obtaining the Judgment, Arma Yates initiated collection actions in the Illinois Federal Court that required the Debtors to disclose and turnover non-exempt assets.

3.    The Debtors filed a Chapter 7 case in this District on August 17, 2017 (Case No. 17-27193), which was one day before a show-cause hearing scheduled before the Illinois Federal Court. The Debtors' bankruptcy case was dismissed on September 20, 2017, based on their failure to pay the court filing fee.[4]

4.    After the dismissal of the Debtors' first bankruptcy case, the Illinois Federal Court rescheduled the show-cause hearing for September 28, 2017.[5]

---

[1] Plaintiffs Arma Yates, LLC; Florence Heights Associates, LLC; Hutchinson Kansas, LLC; Kansas Five Property, L.L.C.; Minnesota Associates, LLC; Ogden Associates, LLC; Peabody Associates Two, LLC; Sedgwick Properties, LLC; and Wellington Subleasehold, LLC are collectively referred to as "Arma Yates."

[2] Docket No. 11, Exhibit 1 to Plaintiffs' Motion to Dismiss Debtors' Counterclaims. All subsequent references to the docket are in Case No. 18-2059 unless otherwise specified.

[3] Docket No. 7, p. 11.

[4] Case No. 17-27193, Docket No. 14.

[5] *Arma Yates, LLC v. Arma Care Center, LLC*, No. 15 C 7171, 2018 WL 2193141 at *1 (D. N.D. Ill. May 14, 2018) ("The evidentiary hearing was subsequently postponed several times, first by Robertson's request for a continuance (R. 157) and then by Robertson and his wife's two successive bankruptcy filings (R. 159; R. 163).").

5.  September 27, 2017, the Debtors filed a second Chapter 7 case, and George Hoffman was appointed as the Chapter 7 trustee.[6]

6.  On March 22, 2018, Arma Yates filed a proof of claim for $46,975,528.54 based on the Judgment (the "Claim").[7]

7.  On May 3, 2018, Arma Yates filed the above-captioned adversary proceeding under 11 U.S.C. § 727 based on allegations that the Debtors fraudulently transferred and concealed assets prior to their bankruptcy filing in an attempt to avoid paying the Judgment ("the Complaint").[8]

8.  On June 14, 2018, the Debtors answered the Complaint and asserted counterclaims against Arma Yates (the "Counterclaims").[9]

9.  The Counterclaims asserts four causes of action:

    a.  Civil conspiracy involving fraudulent and wrongful conduct by Arma Yates and others in obtaining and collecting the Judgment before the Illinois Federal Court.

    b.  Wrongful seizure of the Debtors' assets by Arma Yates in connection with its actions to collect on the Judgment.

    c.  Damages to property returned to the Debtors after its seizure by Arma Yates in connection with its actions to collect on the Judgment.

    d.  Malicious prosecution by Arma Yates in the Illinois Federal Action.

10. Arma Yates filed this motion to dismiss the Debtors' Counterclaims.[10]

---

[6] Case No. 17-28451.

[7] Proof of Claim No. 11, Case No. 17-28451.

[8] Docket No. 1.

[9] Docket No. 5.

[10] Docket No. 7.

11. To date, the Chapter 7 trustee has not abandoned the Counterclaims under 11 U.S.C. § 554.

## II. RULING

1. <u>The Debtors' Counterclaims Must be Dismissed Because the Court Lacks Jurisdiction to Hear Them</u>.

The Debtors' Counterclaims assert causes of action for civil conspiracy, conversion, property damage, and malicious prosecution. These are common law tort claims[11] that involve private rights.[12] When a debtor asserts a private right in the bankruptcy court, such as a common law tort claim, it raises jurisdictional issues.

In *Stern v. Marshall*,[13] the Supreme Court held that the bankruptcy court lacks constitutional authority to enter a final order on a debtor's common law tort counterclaim. In *Stern*, Anna Nicole Smith had married Howard Marshall, who passed away shortly thereafter. Smith was not named in the will, and she alleged in the press that Marshall's son had fraudulently induced his father to exclude her from the will. Smith later filed for bankruptcy. In the bankruptcy case, Marshall's son filed a claim and a complaint against Smith for defamation. Smith counterclaimed for tortious interference with the will. The bankruptcy court ultimately dismissed the defamation claim and awarded Smith $425 million in damages on her counterclaim. Not surprisingly, the bankruptcy court assumed it had jurisdiction because 28 U.S.C. § 157(b)(2)(C) specifically defines

---

[11] *Newby v. Enron Corp. (In re Enron Corp. Secs.)*, 623 F. Supp. 2d 798, 808 (S.D. Tex. 2009) (common law civil conspiracy); *KMK Factoring, L.L.C. v. McKnew (In re McKnew)*, 270 B.R. 593 (Bankr. E.D. Va. 2001) (common law conversion and property damage); *Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*, 11 F.3d 385, 391 (3d Cir. 1993) (common law malicious prosecution).

[12] See *Loveridge v. Hall (In re Renewable Energy Dev. Corp.)*, 792 F.3d 1274, 1279 (10th Cir. 2015) (explaining that "private rights" involve claims implicating an individual's rights to life, liberty and property that trigger Article III protections).

[13] *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

a core bankruptcy proceeding as including "counterclaims by the estate against persons filing claims against the estate."

On ultimate appeal, the Supreme Court ruled that while the bankruptcy court had statutory authority under 28 U.S.C. § 157(b)(2)(C) to rule on the counterclaim, it lacked constitutional authority to do so under Article III. Specifically, the Court held that 28 U.S.C. § 157(b) violated Article III by allowing an Article I court (such as a bankruptcy court) to enter final judgment on a private right, common law counterclaim (such as tortious interference) that did not require the concurrent resolution of the creditor's proof of claim.[14]

This case bears the same jurisdictional infirmity. The Debtors' Counterclaims are private right tort claims that arise out of the alleged pre-petition conduct of Arma Yates in obtaining and collecting the Judgment. The Judgment is the basis for the Arma Yates's Claim against the Debtors' bankruptcy estate. However, because the Claim is based on a final judgment, issue and claim preclusion prevent a challenge to its allowance. Therefore, a decision on the Counterclaims does not require a concurrent resolution as to the allowance of the Arma Yates's Claim.

Consequently, this Article I Court does not have jurisdiction to hear the Debtors' private right, common law tort claims that "are not necessarily resolvable in the claims allowance process."[15] While the Supreme Court subsequently determined that parties can consent to the bankruptcy court entering a final judgment on private right, common law tort claims,[16] Arma Yates has not so consented. For these reasons, the Court must dismiss the Debtors' Counterclaims for lack of jurisdiction.

---

[14] *Id*.

[15] *In re Renewable Energy Dev. Corp.*, 792 F.3d at 1281.

[16] *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015) (ruling that "Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge.").

2. <u>The Debtors' Counterclaims Must be Dismissed Because the Debtors do not Have Standing.</u>

Even if the Court had jurisdiction to rule on the Counterclaims, the Debtors do not have standing to pursue them. Under 11 U.S.C. § 541, all of the Debtors' non-exempt assets as of the petition date of September 27, 2017, became property of the bankruptcy estate and subject to the control of the Chapter 7 trustee. This included all causes of action.[17] The alleged facts giving rise to the Debtors' Counterclaims occurred prior to the bankruptcy filing. At oral argument, Debtors' counsel noted that the damage to the Debtors' Cabin Property could have occurred post-petition between the seizure of the Cabin Property in June of 2017 and its return to the Debtors in December of 2017. However, the entry of the Judgment and the seizure of the property in execution of the Judgment occurred pre-petition, and the Court will treat the causes of action in the Counterclaims as arising pre-petition.

As such, the Chapter 7 trustee is the only party with standing to pursue the Counterclaims.[18] Therefore, unless and until the Trustee abandons the causes of action in the Counterclaims, the Debtors lack standing to prosecute them.

3. <u>The Debtors' Counterclaims Must be Dismissed Because They are Barred by the Doctrines of Collateral Estoppel and Res Judicata</u>

Even if the Court had jurisdiction and the Debtors had standing, the Counterclaims must still be dismissed under the doctrines of collateral estoppel and res judicata. The Court has reviewed the allegations in support of the Debtors' Counterclaims. They all directly arise from the actions of Arma Yates in obtaining and collecting on the Judgment in the Illinois Federal Court.

---

[17] *Willess v. United States*, 560 Fed. App'x. 762, 764 (10th Cir. 2014) ("[T]he relevant date for determining if a legal claim becomes property of the bankruptcy estate is the date of the claim's accrual, not the date the claim is brought.").

[18] *Id.* ("Upon filing for bankruptcy, the trustee of the bankruptcy estate became the real party in interest and only he retained standing to bring [the debtor's] personal injury claim.")

The Counterclaims assert that Arma Yates made false statements in the Illinois Federal Action, that Arma Yates engaged in malicious prosecution in the Illinois Federal Action, and that Arma Yates engaged in wrongful and fraudulent conduct in collecting on the Judgment. For example, the Counterclaims allege:

> The Counter Defendants joined together to jointly engage in a civil conspiracy to obtain a false and bad faith judgment against the [Debtors] . . . .[19]

> The Counter Defendants joined together, with their lawyers in Utah, Texas and Illinois, in a civil conspiracy the purpose of which was and is (a) to obtain a wrongful and fraudulent judgment against the [Debtors] for allegedly due rents, (b) to preserve said wrongful Judgment, (c) to wrongfully and illegally seize assets from the [Debtors] to pay toward the wrongful judgment . . . .[20]

To the extent the Counterclaims raise issues that were previously decided by the Illinois Federal Court, they are barred by collateral estoppel. Federal law applies when considering the collateral estoppel effect of a prior, federal court judgment.[21] In the Tenth Circuit, collateral estoppel "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."[22] Collateral estoppel applies when the following four elements are met:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[23]

---

[19] Docket No. 5, ¶26.

[20] Docket No. 5, ¶32.

[21] *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992) (citing, *inter alia*, RESTATEMENT (SECOND) OF JUDGMENTS § 87, at 314 (1982)).

[22] *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004).

[23] *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006).

In this case, the parties are identical, the Debtors actively participated in the litigation and had a full opportunity to advance their defenses, and the litigation resulted in a final judgment on the merits. Further, the Debtors' Counterclaims arise from the same set of transactional facts regarding the Judgment and its collection. While the Court is not aware of every defense or argument the Debtors made in the Illinois Federal Action, cannot be disputed that they had the opportunity to raise the same claims asserted in the Counterclaims. For these reasons, the Debtors' Counterclaims are barred by collateral estoppel.

Even if the Debtors did not raise these issues in the Illinois Federal Action, res judicata bars the Debtors from asserting any causes of action that could have been asserted in the Illinois Federal Action:

> Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action. Res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication. A claim is barred by res judicata if three elements exist: (1) a final judgment on the merits in the prior suit; (2) the prior suit involved identical claims as the claims in the present suit; and (3) the prior suit involved the same parties or their privies.[24]

The Illinois Federal Action involved the same parties and resulted in a final judgment. The Debtors' Counterclaims arise from the same transactional facts that were before the Illinois Federal Court. If the Debtors believed Arma Yates engaged in wrongful and fraudulent conduct in obtaining and collecting the Judgment, the Debtors could and should have raised those issues with the Illinois Federal Court.

For these reasons, the Court concludes that both issue and claim preclusion bar the Debtors from raising their pre-petition Counterclaims; therefore, the Court will dismiss the Counterclaims.

---

[24] *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993) (citations and internal quotation marks omitted).

4. <u>As Matter of Comity and Judicial Economy, the Court Declines to Consider the Debtors' Counterclaims.</u>

Finally, the Debtors' Counterclaims are more appropriately brought before the Illinois Federal Court as the court having original jurisdiction over the parties and their disputes. As noted by the Tenth Circuit, "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated."[25] The reasons underlying the first-filed rule are "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[26]

The Illinois Federal Court has a long history with the parties, giving it first-hand knowledge of their claims, defenses, and conduct regarding the Judgment. Therefore, as a matter of comity and judicial economy, this Court will not consider the Debtors' Counterclaims.

## III. CONCLUSION

Because the Debtors' Counterclaims assert private right, common law tort claims of civil conspiracy, conversion, property damage, and malicious prosecution, the Bankruptcy Court lacks constitutional authority to enter a final order or judgment. Consequently, the Bankruptcy Court must dismiss the Debtors' Counterclaims.

Even if the Bankruptcy Court had jurisdiction, the Counterclaims would still be dismissed because (1) the Debtors lack standing to pursue them; (2) they are barred by the doctrines of collateral estoppel and res judicata; and/or (3) under the first to file rule, the Counterclaims should

---

[25] *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972) (citation omitted).

[26] *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, No. 98–4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (citation omitted).

be decided by the Illinois Federal Court. The Court will enter an Order consistent with the rulings set forth in this Memorandum Decision.

END OF DOCUMENT

----ooo0ooo----

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

The foregoing MEMORANDUM DECISION ON COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS shall be served on the following parties in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Melanie S. Grayson mgrayson@fabianvancott.com, klarsen@fabianvancott.com
- Douglas J. Payne dpayne@fabianvancott.com, mparks@fabianvancott.com
- Brian W. Steffensen brianwsteffensen@gmail.com, brianwsteffensen@gmail.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Leighton Aiken
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway
Suite 600
Plano, TX 75093